UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CR-25-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | |
| JASON JAMES MOORE, aka JASON C. MOORE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, Judge Ingram recommended that the undersigned accept Defendant Jason James Moore's guilty plea and adjudge him guilty of the offense charged in Count One of the Indictment and the forfeiture allegation of the Indictment. DE 26 (Minute Entry). *See also* DE 25-1 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review. *See* DE 27 at 3. Defendant does not object to Judge Ingram's recommendation. DE 28.  The United States did not object.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 66, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate's judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1

1. The Court **ADOPTS** DE 27, **ACCEPTS** Moore's guilty plea, and **ADJUDGES** him guilty of Count One of the Indictment (DE 1);

2. Further, per Judge Ingram's recommendation (DE 27 ¶ 4) and Defendant's agreement (DE 25-1 ¶ 10), the Court provisionally FINDS that Moore has an interest in the property identified in the operative indictment (DE 1 (the forfeiture enumeration)) and preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time, *see id.* at (b)(4)(B); and

3. The Court will issue a separate sentencing order.[1]

This the 9th day of October, 2020.

Signed By:
*Robert E. Wier*   REW
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Moore to custody. *See* DE 26. The Court, thus, sees no need to further address detention at this time.